McMILLAN, Judge.
The appellant, Wayne A. McElrath, was convicted of five counts of possession of a forged instrument in the second degree. While the appellant was serving his sentence of probation pursuant to these convictions, the appellant’s probation officer filed a report of delinquency in all five cases. A probation revocation hearing was held, wherein the officer testified that he had conducted a drug screen on the appellant and that the appellant tested positive for cocaine. The appellant was charged with failure to avoid injurious or vicious habits. The second charge of delinquency was based on the appellant’s alleged commission of the crime of theft of property in the third degree. The probation officer said that this charge was based on the appellant’s theft of meat from a grocery store. The appellant invoked his right to refrain from testifying concerning this charge. When the judge refused to allow the appellant to invoke this right, the appellant indicated that he had taken approximately $34 worth of meat from the grocery store. Thereafter, the trial court revoked the appellant’s probation.
The appellant argues that the trial court violated his right against self-incrimination by compelling him to testify as to the charge of theft of property in the third degree, which charge was the basis of one of his charges of delinquency, over the appellant’s objection. The State concedes that the appellant’s right to refrain from testifying in his probation revocation proceeding was violated and that this cause is due to be remanded on this ground.
The Fifth Amendment right against self-incrimination has been held to apply in probation revocation proceedings. Minnesota v. Murphy, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984). Moreover, Rule 27.-6(e)(4), A.R.Crim.P., provides that a trial court must determine that a probationer has voluntarily waived his right to refrain from testifying as to any criminal offense that serves as the underlying basis for a probation violation before he so testifies.
In the present case, the following transpired during the appellant’s probation revocation proceeding:
“THE COURT: Okay. Tell me about the meat.
“THE DEFENDANT: Yes, sir.
“MR. MOSLEY: Your Honor, may I talk to my client for a minute?
“THE COURT: Go ahead.
“(Defendant conferring with attorney)
“MR. MOSLEY: Your Honor, I’ve advised my client not to comment on this matter at the time since there is an ongoing case. “THE COURT: Well, let me tell you something.
“MR. MOSLEY: Yes, sir.
“THE COURT: This man is on probation, and he’s got to answer the questions about it. I don’t know why going out and committing a new offense would clothe him with some constitutional right to not talk about that. And I’m perfectly willing for the appellate courts to look at that.
“Now, here’s a guy that’s got a dozen convictions, and the question is about the new charges. And, if that’s a violation of his constitutional rights, then I’m going to get a determination. I’ve always been curious about that. Whether somebody could be on probation and then assert some constitutional right not to tell about their new illegal activities.
“MR. MOSLEY: Well, Your Honor, we would object because there is an ongoing investigation.
“THE COURT: You’ve got your objection. “MR. MOSLEY: And you’re overruling it? “THE COURT: Yeah. Now, tell me about that meat you had.
“THE DEFENDANT: At the time that they say I got some meat, I went in the store, true enough. When I come out—
*910 “THE COURT: Did they take that meat off of you outside the store?
“THE DEFENDANT: Didn’t nobody see me pick up any meat in the store, but they took some—
“THE COURT: I’m not asking you that. Did they take the meat off of you outside the store.
“THE DEFENDANT: Yes, sir.
“THE COURT: Yes, sir. Okay. You’re revoked. And, if I’ve violated your constitutional rights, I apologize and you can get me reversed on that. You have forty-two days in which to appeal this proceeding. “MR. MOSLEY: Yes, sir.
“THE COURT: I do not believe there is any violation of his constitutional rights in requiring him to talk about his activities. But, if there is, then so be it.
“MR. MOSLEY: Well, when in doubt.
“THE COURT: Yeah. You’ve got your objection.
“(Proceedings concluded).”
Because the trial court in the present case compelled the appellant to testify concerning his commission of the theft of property in the third degree in violation of his Fifth Amendment right, the judgment is due to be reversed and the cause remanded for a new revocation hearing.
REVERSED AND REMANDED.
All Judges concur.